**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
MISSISSIPPI NORTHERN DIVISION**

**STUART C. IRBY COMPANY**                                      **PLAINTIFF**

**v.**                                                                  **CAUSE NO. 3:18-cv-245-HTW-LRA**

**GFRC ACQUISITION LLC, et al.**                                **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is the Motion for Attorneys' Fees and Costs [Docket no. 19] filed by Plaintiff Stuart C. Irby Company ("Plaintiff"). In support of its motion, Plaintiff also submitted the declaration of Attorney Brian Kimbell [Docket no. 19-1], and a supporting memorandum brief [Docket no. 20]. To date, no response has been filed by the Defendant GFRC Acquisition, LLC ("GFRC"). Having considered Plaintiff's motion, the supporting documents, and the authorities Plaintiff relies upon, this Court finds Plaintiff's motion well taken and GRANTS it for the reasons stated herein.

**I. BACKGROUND**

The salient background facts of this case, as stated in Plaintiff's Complaint [Docket no. 1], are as follows:

1. Plaintiff is a Mississippi corporation, which sells electrical materials for use in construction projects.

2. GFRC is a Texas limited liability company, which contracted with Plaintiff to purchase electrical materials on credit.

3. During 2017 and 2018, Plaintiff sold GFRC electrical materials for use in GFRC's business.

1

4. GFRC did not fully pay Plaintiff for the electrical materials sold to GFRC, which led Plaintiff to file the subject suit for recovery of unpaid services on April 18, 2018.

5. On March 22, 2019, this Court entered a Consent Judgment against the individual defendant and sole owner of GFRC, David Jacobs, in the amount of $62,500.00. [Docket no. 11].

6. On May 15, 2019, this Court entered an Order of Default Judgment against GFRC for failure to plead, answer, or otherwise defend against Plaintiff's Complaint in the amount of $131,999.94. [Docket no. 16].

7. This Court's Order of Default Judgment declared GFRC "is liable for Irby's reasonable and necessary attorney's fees and costs, the amount of which the Court will determine in response to an Irby post-judgment motion…" [Docket no. 16, p 4].

8. Plaintiff timely filed the motion now before this Court under Federal Rule of Civil Procedure 54(d)[1], urging the Court to determine the reasonableness and necessity of attorneys' fees and costs and add those amounts to its judgment.

---

[1] (d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…

Fed.R.Civ.P. Rule 54(d)(1).

## II.     JURISDICTION

This Court reasserts that it possesses diversity of citizenship subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332[2]. Inasmuch as this Court is exercising subject-matter jurisdiction, this Court, sitting in Mississippi, will apply Mississippi law to the substantive issues in accordance with the *Erie* doctrine. *Erie v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the *Erie* Doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426-427 (1996)).

## III.     DISCUSSION

Plaintiff seeks an award of $26,064.00 in attorney's fees, and $441.76 in litigation costs. This Court is persuaded for the reasons set forth below that the requested fees and costs are warranted.

In determining attorney fees, this court must follow Fifth Circuit precedent by calculating a "lodestar" fee "by multiplying the reasonable number of hours expended on a case by the reasonable hourly rates for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Id.*

"When … the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee[.]" *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548, 79 L. Ed. 2d 891 (1984).

---

[2] Title 28 U.S.C. § 1332:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
      (1) Citizens of different States…

3

Indeed, the United States Supreme Court has held:

> The "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a "strong presumption" that the lodestar represents the "reasonable" fee, *Delaware Valley I, supra*, 478 U.S., at 565, 106 S.Ct., at 3098, and have placed upon the fee applicant who seeks more than that the burden of showing that "such an adjustment is necessary to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (emphasis added).

*City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992).

The declaration presented by Plaintiff's attorney, Brian Kimball ("Kimball"), purports to itemize the attorney fees and litigation costs in this matter. Kimball points to his extensive experience as a commercial litigator and asserts the hours he has claimed and the hourly rates he charged are reasonable and consistent with other cases in this region. Kimball further explains invoices presented by additional timekeepers on this litigation: attorney Jonathan Still; Paralegal Karen Evans; and Paralegal Emily R. Hammack. Finally, the presented invoices accurately reflect litigation expenses in the amount of $441.76 for service of process expenses and reproduction costs.

GFRC does not challenge the hourly rates or litigation expenses as presented to this Court.

This Court notes that Plaintiff was granted a voluntary fee reduction of of $5,590.00, which effectively reduced Plaintiff's gross attorneys' fees from $31,654,00 to $26,064.00. The Court further takes into account that Plaintiff has been awarded a total amount of $194, 499.94 in this litigation; therefore, the net attorneys' fees requested is 14% of the total award. The Court finds this amount is reasonable.

## V.     CONCLUSION

This Court is persuaded that the expenses Plaintiff incurred in prosecuting this litigation should be awarded.

4

IT IS, THEREFORE, ORDERED AND AJUDGED that Stuart C. Irby Company's Rule 54(d) Motion for Attorneys' Fees and Costs [Docket no. 19] is hereby GRANTED, and that Plaintiff is entitled to attorneys' fees is the amount of $26,064.00.

IT IS FURTHER ORDERED that Plaintiff is entitled to recover costs of court in the amount of $441.46.

**SO ORDERED AND ADJUDGED this 14th day of February, 2020.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**